# UNITED STATES DISTRICT COURT
# DISTRICT OF NEBRASKA

| | |
|---|---|
| DURWIN SHARP, JOSEPH PONZO, KATHRYN MEYERS, and JOSHUA WHIPP, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>WATTS REGULATOR COMPANY,<br><br>    Defendant. | Case No.: 8:16-cv-00200-JFB-TDT<br><br>CLASS ACTION<br><br>**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT; CERTIFICATION OF SETTLEMENT CLASS; AND APPROVAL OF FORM AND CONTENT OF PROPOSED NOTICE** |

Pursuant to the Memorandum and Order entered this date,

**IT IS HEREBY ORDERED AS FOLLOWS**:

1. The proposed settlement set forth in the Class Action Settlement Agreement and Release ("Agreement") entered into by and among Defendant Watts Regulator Co. ("Defendant"), Joseph Ponzo, Durwin Sharp, Kathryn Meyers, and Joshua Whipp as individuals and as "Class Representatives" (collectively the "Parties" in the above referenced "Action"), (Filing No. 53-3), and as modified below, is hereby preliminarily approved as being fair, reasonable and adequate such that notice thereof should be given to members of the Settlement Class (as defined in the following paragraph), and is incorporated herein as if fully set forth.

2. All terms and definitions used herein have the same meanings as set forth in the Agreement.

<u>Class Certification</u>

3. The Action is provisionally certified as a class action, for the purposes of settlement only, pursuant to Rule 23(b)(3), which class is defined as follows:

1

ALL INDIVIDUALS AND ENTITIES THAT OWN OR OWNED, OR LEASE OR LEASED, A RESIDENCE OR OTHER STRUCTURE LOCATED IN THE UNITED STATES CONTAINING A WATER HEATER CONNECTOR AFTER NOVEMBER 4, 2008.

EXCLUDED FROM THE SETTLEMENT CLASS ARE: THOSE SETTLEMENT CLASS MEMBERS WHO PROPERLY EXCLUDE THEMSELVES FROM THE SETTLEMENT; THOSE SETTLEMENT CLASS MEMBERS WHO HAVE RESOLVED THEIR CLAIMS THROUGH SETTLEMENT OR JUDGMENT; WATTS DEFENDANTS AND THEIR AFFILIATES; EXCEPT TO THE EXTENT THAT THEY ACTUALLY INSTALLED A WATER HEATER CONNECTOR, ALL THOSE BUSINESSES AND ENTITIES THAT SOLD OR DISTRIBUTED A WATER HEATER CONNECTOR, INCLUDING CUSTOMERS, RETAILERS, RESELLERS, WHOLESALERS AND DISTRIBUTORS WHO PURCHASED OR ACQUIRED WATER HEATER CONNECTORS FROM ANY WATTS DEFENDANT; AND THE PRESIDING JUDGE AND HIS IMMEDIATE FAMILY.

4. Class Counsel and the Class Representatives are hereby found to be and are therefore appointed as adequate representatives of the Settlement Class: Plaintiffs Sharp, Ponzo, Meyers, and Whipp are appointed as representatives of the proposed Settlement Class. Shanon J. Carson of Berger & Montague, P.C., 1622 Locust Street, Philadelphia, PA 19103; Bryan L. Clobes of Cafferty Clobes Meriwether & Sprengel LLP, 1101 Market Street, Suite 2650, Philadelphia, PA 19107; Joseph G. Sauder of McCune Wright LLP, 1055 Westlakes Drive, Suite 300, Berwyn, PA 19312; and Greg Coleman of Greg Coleman Law, P.C., Bank of America Center, 550 Main Avenue, Suite 600, Knoxville, TN 37902, are appointed as Lead Counsel pursuant to Fed. R. Civ. P. 23(g) to represent the interests of the proposed Settlement Class.

5. The Court finds that, for purposes of settlement only, the requirements of Fed. R. Civ. P. 23 are met by the Settlement Class. Joinder of all Settlement Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion. Common issues exist among Settlement Class Members' claims regarding whether the Water Heater Connectors are defective. The Class Representatives' claims are typical of those of the

Settlement class, in that: (i) the interest of the Plaintiffs' claims are typical of those of the Settlement Class; (ii) there are no apparent conflicts between or among the named Plaintiffs and the members of the Settlement Class; (iii) the Plaintiffs have been and are capable of continuing to be active participants both in the prosecution of, and the negotiations to settle, the Action; and (iv) the Plaintiffs and the Settlement Class are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions, including those involving defective products. In accordance with the Supreme Court's holding in *Amchem Prods v. Windsor*, 521 U.S. 591, 620 (1997) the Court need not address whether this case, if tried, would present issues of manageability under Rule 23(b)(3)(D). Finally, a class action settlement is superior to other available methods for a fair resolution of the controversy.

6. Certification of the Settlement Class shall be solely for settlement purposes and without prejudice to the Parties in the event that the Agreement is not finally approved by this Court or otherwise does not take effect. Certification of the Settlement Class shall be vacated and shall have no effect in the event that the Agreement is not finally approved by this Court or otherwise does not take effect.

Notice to Potential Settlement Class Members

7. The Court hereby approves the form and procedure for disseminating notice of the proposed settlement to the Settlement Class as set forth in the Agreement. The Court finds that the notice plan contemplated constitutes the best notice practicable under the circumstances and is reasonably calculated, under the circumstances, to apprise Settlement Class Members and Claimants (including subrogated insurers) of the pendency of the Action and their right to object to the proposed settlement or opt out of the Settlement Class in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution and Rules 23(c) and (e). In addition, Class Notice clearly and concisely states in plain, easily understood language: (i) the nature of the action; (ii) the definition of the certified Settlement Class; (iii) the claims and issues of the Settlement Class; (iv) that a Settlement Class Member and/or Claimant may enter an appearance through an attorney if the member so desires;

(v) that the Court will exclude from the Settlement Class any member (or Claimant, including a subrogated insurer who is the lawful owner with the legal or equitable right to control the claim it is opting out) who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

8.  As set forth in the Settlement Agreement, Settlement Administration, which includes the costs and expenses incurred in providing notice to the Settlement Class, and attorneys' fees and expenses shall be deducted from the Total Settlement Amount.

### Retention of Class Action Settlement Administrator and Notice Plan

9.  The Court authorizes the Parties to retain Epiq Systems to effectuate the Notice Plan and to serve as the Claims Administrator. Epiq shall provide all of the following forms of Notice within forty-five (45) days of this order ("Notice Date"):

- *Direct Mail Notice.* A copy of the Notice of Pendency and Proposed Settlement of Class Action substantially in the form attached to the Settlement Agreement as Exhibit A (the "Class Notice"), together with the Claim Form (including the Instructions, Claim Form and Release) substantially in the form attached to the Settlement Agreement as Exhibit D and this Order, shall be mailed to the subrogation departments of the insurance carriers who offer property insurance in the United States and such other claimants as can be identified.

- *Published Notice.* A copy of the Summary Notice substantially in the form attached to the Settlement Agreement as Exhibit B shall be published in either half or full page ads in the following magazines: *People* (two 1/3 page ads / circulation 3.4 million); *Parade* (3/10 page / circulation 22 million); *Sports Illustrated* (1/3 page / circulation 3.0 million).

- *National Press Release.* Issue a joint press release on *PR Newswire's* national wire, reaching approximately 5,500 media outlets and 5,400 websites. The release will discuss the Settlement and provide the address for the Settlement Website where information can be obtained and downloaded.

- *Internet Notice.* Banner ads to appear on leading networks, including *Conversant Ad Network* and *Yahoo Ad Network.* In addition, banner ads will appear on *Facebook.com*, which presently has over 1.15 billion monthly active users worldwide.

- *Postcard Notice.* A postcard substantially in the form attached to the Settlement Agreement as Exhibit C ("Settlement Postcard") shall be mailed to various companies and business across the United States who provide water damage restoration and plumbing services informing them of the fact of the settlement and that the Class Notice and Claim Form are available on the Settlement Website, or by calling the Toll-Free Number.

- *Website Notice*. A copy of the Notice of Pendency and Proposed Settlement of Class Action will be posted and available for download on a Settlement Website, and will be mailed at no charge to Class Members who call a toll-free number to be ("Toll-Free Number"). This information is to remain available on the Internet until the last day of the four year Claims Period.

Final Fairness Hearing

10. At or before the Final Fairness Hearing, the Notice Provider shall file with the Court documentation showing, and an affidavit attesting, that the Notice Plan was executed in accordance with this Order.

11. Thirty (30) days prior to the Objection Deadline, Lead Class Counsel shall file with the Court and post on the Settlement Website their application for payment of attorneys' fees and expenses, and service awards.

12. A hearing (the "Final Fairness Hearing") shall be held by the Court on March 8, 2017, beginning at 1:30 P.M., to consider and determine whether the requirements for certification of the Settlement Class have been met and whether the proposed settlement of the Action on the terms set forth in the Agreement should be approved as fair, reasonable, adequate, and in the best interests of the Settlement Class Members; whether Class Counsel's fee and

expense application and application for service awards, included as part of the settlement, should be approved; and whether the Final Judgment approving the settlement and dismissing the Action on the merits and with prejudice against the Class Representatives and all Settlement Class Members should be entered. The Final Hearing may, from time to time and without further notice to the Settlement Class (except those who have filed timely and valid objections and requested to speak at the fairness hearing), be continued or adjourned by Order of the Court.

13. No later than fourteen (14) days prior to the Final Fairness Hearing, the Parties shall file all papers in support of the application for final approval of the settlement.

### Objections

14. Any Settlement Class Member or Claimant (including subrogated insurance carriers) who complies with the requirements of this paragraph may object to any aspect of the proposed settlement either on their own or through an attorney hired at their expense. Any Settlement Class Member or Claimant who intends to object to the proposed settlement must do so no later than forty-five (45) days after the Notice Date ("Objection Date"). Objections by any Settlement Class Member or Claimant may be made to: (A) the certification of the Settlement Class and the proposed settlement contained in the Agreement and described in the Class Notice and Summary Notice; (B) the payment of fees and expenses to Class Counsel or Service Awards to the Class Representatives; and/or (C) entry of the Final Judgment.

15. To exercise this objection right, the Settlement Class Member or Claimant must provide written notice of the objection via first class mail, to Lead Class Counsel and Counsel for Watts, by the Objection Deadline. The objection must bear the signature of the Settlement Class Member or Claimant (even if represented by counsel) with the date signed and must specify: (i) the name of the Class Action *Sharp v. Watts,* Case No. 8:16-cv-00200-JFB-TDT; (ii) the Settlement Class Member or Claimant's current address and telephone number; (iii) whether, on the date of the written objection, the Settlement Class Member or Claimant's insured owns or rents a residence or structure or formerly owned or rented a residence or structure containing a Water Heater Connector; (iv) the address of the property(ies) that may contain or have contained

the Water Heater Connectors; (v) proof that the claim involves a Water Heater Connector designed, manufactured, distributed and/or sold by Watts (photographs, receipts, statements, or contemporaneous installation records, etc.); (vi) the exact nature of the objection, the facts underlying, and legal authority supporting, the objection, and whether or not the Settlement Class Member or Claimant intends to appear at the Final Fairness Hearing; and (vii) all evidence and supporting papers (including, but not limited to, all briefs, written evidence, and declarations) that the Settlement Class Member or Claimant wants the Court to consider in support of the objection. If the Settlement Class Member or Claimant is represented by counsel, the objection shall also be signed by the attorney who represents the Settlement Class Member or Claimant. If a Settlement Class Member, Claimant, or counsel for the Settlement Class Member or Claimant has objected to a class action settlement on any prior occasion, the Objection shall disclose all cases in which they have filed an objection by caption, court and case number.

## Opts Outs

16.     Any Settlement Class Member or Claimant (including subrogated insurance carriers) may request to be excluded (or "opt out") from the Settlement Class. A Settlement Class Member or Claimant who wishes to opt out of the Settlement Class must do so not later than forty-five (45) days from the Notice Date ("Opt Out Date"). In order to opt out, a Settlement Class Member or Claimant must complete and mail to the Class Action Settlement Administrator, Epiq Systems, a Request for Exclusion that is post-marked no later than the Opt Out Date. The Request for Exclusion must bear the signature of the Settlement Class Member or Claimant and include and attest to the following: (i) a specific request to opt out of the litigation; (ii) the Settlement Class Member or Claimant's name, current address, telephone number, and email address; (iii) proof that the claim involves a Water Heater Connector designed, manufactured, distributed and/or sold by Watts (photographs, receipts, statements, or contemporaneous installation records, etc.); (iv) the date of failure of any failed Water Heater Connector ; (v) an estimate of the amount of damages, if any, that the Settlement Class Member sustained as the result of any alleged failure of a Water Heater Connector; and (vi) in the case of

a Claimant that paid for a Settlement Class Member's damages resulting from a failed Water Heater Connector, the amount paid by the Claimant to the Settlement Class Member. If the Settlement Class Member or Claimant has entered into a written or oral agreement to be represented by counsel, the Opt Out Form shall also be signed by the attorney who represents the Settlement Class Member or Claimant. Any Claimant, including but not limited to a subrogated insurance carrier, seeking to opt out any claim for which it is not the lawful owner with the legal or equitable right to control the claim it is opting out must also have the written consent of its insured for each such claim, but no such written consent shall be required for any claims for which the Claimant, under either state law, equity or contract, is the lawful owner with the legal or equitable right to control the claim it is opting out. Any Claimant, including but not limited to a subrogated insurance carrier, that purports to be the lawful owner with the legal or equitable right to control the claim it is opting out shall attest under penalty of perjury that it is the legal owner with the right to control the claim it is opting out. In the event of a valid opt out by a Settlement Class Member or Claimant, the Claims Administrator shall reject that portion of any claim submitted for the same loss subject to the opt out and provide a copy of the opt out to the party making the claim.

17. Except for those Settlement Class Members or Claimants who have properly filed a timely written Opt Out Form (and all other Excluded Persons), all Persons who meet the definition of Settlement Class Member or Claimant will be deemed Settlement Class Members or Claimants for all purposes under this Agreement.

18. Any Settlement Class Member or Claimant (including but not limited to a subrogated insurance carrier) who has not properly filed a timely written Opt Out Form, shall be bound by this Agreement and by all subsequent proceedings, orders, and judgments issued by the Court. Any Settlement Class Member or Claimant who elects to opt out of the Settlement Class pursuant to this Agreement shall not be entitled to relief under or be affected by this Agreement.

Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with

either this Order or the terms of the Agreement.  In addition, Settlement Class Members and Claimants may consolidate and aggregate opt outs, so long as their consolidated submission to the Court provides all the necessary information to allow for processing of each of the individual opt-outs.

19. The Names of all Settlement Class Members or Claimants who properly requested exclusion shall be attached as an exhibit to any Final Order and Judgment.

### Submission of Multiple Claims

20. A Settlement Class Member or Claimant (including subrogated insurers) may submit multiple claims at the same time so long as the submission includes all the necessary information to allow for processing of each of the individual claims.

### Release

21. The Watts Defendants ceased the manufacture of all Water Heater Connectors on or before December 31, 2015.  Accordingly, the Release provided in Paragraph 86 of the Settlement Agreement is limited to Water Heater Connectors manufactured by the Watts Defendants prior to 2016.

### Injunction

22. The Court enjoins all Settlement Class Members, and all Persons that can pursue or are entitled to pursue an action in the name or right of a Settlement Class Member (including subrogated insurers), from commencing or prosecuting any action asserting any claims that are the subject of this Action pending the Final Fairness Hearing, unless they have validly opted out of the settlement described in the Settlement Agreement and the Court has approved such opt outs.

### No Admission of Liability

23. The Agreement and this Judgment are not admissions of liability or fault by Defendant or the Released Parties, or a finding of the validity of any claims in the Action or of any wrongdoing or violation of law by the Defendant or the Released Parties. The Agreement and settlement are not a concession by the Parties. To the extent permitted by law, neither this

Judgment, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be offered as evidence or received in evidence in any pending or future civil, criminal, or administrative action or proceedings to establish any liability of, or admission by the Defendants, the Released Parties, or any of them. Notwithstanding the foregoing, nothing in this Final Judgment shall be interpreted to prohibit the use of this Judgment in a proceeding to consummate or enforce the Agreement or Judgment, or to defend against the assertion of Released Claims in any other proceeding, or as otherwise required by law.

Deadlines

24. In Accordance with the Agreement and exhibits attached thereto, the Court sets the following deadlines:

    a. The Notice Plan shall be completed within forty-five days of the Preliminary Approval Order ("Notice Date").

    b. All Requests to opt out of the Settlement must be received by the Claims Administrator within forty-five (45) days of the Notice Date ("Opt Out Deadline").

    c. All Objections to the Settlement must be received by the Court within forty- five (45) days of the Notice Date ("Objection Deadline").

    d. Thirty (30) days prior to the Objection Deadline, Lead Class Counsel shall file with the Court and post on the Settlement Website their application for payment of attorneys' fees and expenses, and Service Awards for the Class Representatives.

    e. No later than fourteen (14) days prior to the Final Fairness Hearing the Parties shall file all papers in support of the application for final approval of the settlement and/or opposition to any Objections received.

25. If any deadline set forth in this Order falls on a Saturday, Sunday or federal holiday, than such deadline shall be extended to the next Court business day.

26. The Court reserves the right to adjust the date of the Final Approval Hearing and related deadlines. In that event, the revised hearing date and/or deadlines shall be posted on the Settlement Website referred to in the Notice, and the parties shall not be required to re-send or

10

republish the Notice.

Date: December 7, 2016

                                         s/ Joseph F. Bataillon
                                         Hon. Joseph F. Bataillon
                                         Senior United States District Judge

LEGAL02/36795678v1