IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DURWIN SHARP, on behalf of himself and all others similarly situated; JOSEPH PONZO, on behalf of himself and all others similarly situated; KATHRYN MEYERS, on behalf of herself and all others similarly situated; and JOSHUA WHIPP, on behalf of himself and all others similarly situated;<br><br>Plaintiffs,<br><br>v.<br><br>WATTS REGULATOR CO.,<br><br>Defendant. | 8:16CV200<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the plaintiffs' motion, individually and on behalf of the Settlement Class, for attorney fees and costs, Filing No. 147. This is a products liability class action. The parties entered into a Settlement agreement. Filing No. 53-4.

On December 7, 2016, the court entered its Order Granting Preliminary Approval of Class Action Settlement; Certification of Settlement Class; and Approval of Form and Content of Proposed Notice ("Preliminary Approval Order"). Filing No. 144. The Final Fairness Hearing was held on April 12, 2017, during which the court heard plaintiffs' Motion for Final Approval of Class Action Settlement ("Motion for Final Approval") and plaintiffs' Motion for Attorneys' Fees and Costs.

I. LAW

A thorough judicial review of fee applications is required in all class action settlements. *In re Diet Drugs*, 582 F.3d 524, 537-38 (3d Cir. 2009); *Johnson v. Comerica Mortg. Corp.*, 83 F.3d 241, 246 (8th Cir. 1996) (noting that the district court

bears the responsibility of scrutinizing attorney fee requests). Courts utilize two main approaches to analyzing a request for attorney fees: (1) the "lodestar" methodology (multiplying the hours expended by an attorneys' reasonable hourly rate of compensation to produce a fee amount that can be adjusted to reflect the individualized characteristics of a given action); and (2) the "percentage of the benefit" approach (permitting an award of fees that is equal to some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation). *Johnston*, 83 F.3d at 244-45. It is within the court's discretion to decide which method to apply. *Id.*

The percentage-of-recovery methodology has been approved in common-fund settlement class action cases. *See, e.g., In re US Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (approving an award of 36% of the settlement fund); *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1157 (8th Cir. 1999) (approving award of 24% of monetary compensation to the class). To recover fees from a common fund, attorneys must demonstrate that their services were of some benefit to the fund or that they enhanced the adversarial process. *In Re US Bancorp Litig.*, 291 F.3d at 1038.

When awarding attorneys' fees, District Courts are guided by the following twelve factors: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the requisite skill required to perform the legal service properly; (4) preclusion of other employment by the attorney due to case acceptance; (5) customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) the limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) the attorneys reputation, experience and ability; (10) the case's undesirability; (11) nature and length

of the professional relationship with the client; and (12) awards in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).

Service awards to representative plaintiffs encourage members of a class to become class representatives and reward individual efforts taken on behalf of a class. *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998) (awarding incentive award of $25,000).

II. DISCUSSION

The court has considered the parties' submissions. The plaintiffs have shown that the law firms of Berger & Montague, Greg Coleman Law PC, Cafferty Clobes Meriwether & Sprengel LLP, and McCuneWright LLP ("Class Counsel") represented them as well as the plaintiffs in the companion class action case of *Klug v. Watts*, No. 8:15-cv-61. *See* Filing No. 148-1, Declaration of Shanon J. Carson at 2. Class Counsel worked together to divide assignments equally, avoid duplication of effort and accomplish all tasks in the most efficient manner possible. *Id.* They have also shown that as of February 6, 2017, the total number of recorded hours spent on the two cases by all Class Counsel is approximately 3,544 hours at rates ranging from $200.00 per hour to $900 per hour for twenty attorneys and two paralegals, resulting in a lodestar amount of $2,253,341.20. This work was reasonable and necessary to the prosecution and settlement of this case. The hourly rates for the partners, associates and professional staff who worked on the litigation are in line with the rates of attorneys with similar expertise and experience would charge in non-contingent matters.

As a result of counsel's efforts and extensive arms-length negotiations, the parties settled both cases—the *Klug* case for $4 million and the *Sharp* case for $10

million, for a Global Settlement Amount of $14 million.  Counsel achieved an extremely successful recovery that confers a substantial benefit to the settlement class.  Many of the claims were far too small for individual Class Members or attorneys to pursue individually against a large, national company like Watts.

Class Counsel are nationally recognized in product liability class actions.  Plaintiffs have shown Class Counsel achieved an extremely successful recovery that confers a substantial benefit to the settlement class.

The record shows Class Counsel assumed a risk in filing and litigating these cases.  Class Counsel took these cases on a fully contingent basis, investing time, effort and money with no guarantee of any recovery.  Class Counsel also proceeded knowing that there was a chance that Watts would prevail and that, even if Plaintiffs prevailed, the case would likely take years to resolve.  This case involved a substantial amount of work to bring it to a successful conclusion.

The plaintiffs' request a fee of 30% of the award, which is within the amount that courts typically award in similar cases.  The parties disclosed in the settlement Agreement and notices that the plaintiffs would seek attorney fees in an amount to be approved by the court.  Filing No. 53-4, Settlement Agreement.  There have been no objections to the Settlement agreement or the motion for attorney fees.  In consideration of the factors set forth above, the court finds the plaintiffs' motion for an award of fees should be granted.

Plaintiffs have also shown that Class Counsel incurred a combined total of approximately $41,689.58 in costs and expenses in the two cases.  At the hearing on

the motion, the parties agreed that the costs should be divided 50/50 between the two cases. The court finds the expenses are reasonable and should be reimbursed.

Plaintiffs also seek a service award to the representative plaintiffs in the amount of $5,000.00 each. Plaintiffs have shown by affidavit that the named individuals took very real steps to advance the interests of the Settlement Class. Filing No. 159-2, Declaration of Shanon J. Carson at 19. They brought their claims concerning the allegedly defective products to the attention of Class Counsel. *Id.* They searched their files and produced all of the documents they had relating to this matter. *Id.* They gave interviews concerning their experiences regarding the products to Class Counsel. *Id.* Also, all named plaintiffs submitted their homes to an inspection by the defendant's attorneys and experts or other contractors. As a result of their efforts, the Settlement Class Members will benefit from substantial financial recoveries. The court finds this service award reasonable in light of each Plaintiff's efforts in assisting Class Counsel in achieving the Settlement. Accordingly,

IT IS HEREBY ORDERED:

1. The plaintiffs' motion for attorney fees and costs (Filing No. 147) is granted.

2. The plaintiffs, on behalf of the class, are awarded 30% of the Total Settlement Amount of $10,000,000.00 ($3,000,000.00) in attorney fees.

3. The plaintiffs Durwin Sharp, Joseph Ponzo, Kathryn Meyers, and Joshua Whipp, individually, are each awarded $5,000.00 as a service award.

4. The plaintiffs, on behalf of the class, are awarded costs in the amount of $20,844.79.

5.  A Judgment in accordance with this Memorandum and Order will issue this date.

Dated this 13th day of April, 2017.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge